# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE NORVELL<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE CROSS AND BLUE SHIELD ASSOCIATION; BLUE CROSS OF IDAHO HEALTH SERVICE, INC.; SPECIAL AGENTS MUTUAL BENEFIT ASSOCIATION; DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT; SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | Case No.: 1:16-cv-00195-REB<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**FEDERAL DEFENDANTS' MOTION TO DISMISS**<br>**(Docket No. 10)**<br><br>**BLUE CROSS'S MOTION FOR JUDGMENT ON THE PLEADINGS AND JOINDER IN FEDERAL DEFENDANTS' MOTION TO DISMISS**<br>**(Docket No. 27)**<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION TO DENY REQUEST FOR REASSIGNMENT**<br>**(Docket No. 23)**<br><br>**PLAINTIFF'S MOTION TO ALLOW REPLY TO BLUE CROSS'S ANSWER**<br>**(Docket No. 30)**<br><br>**FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br>**(Docket No. 46)**<br><br>**NON-GOVERNMENT DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br>**(Docket No. 47)** |

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 1**

Now pending before the Court are the following motions: (1) Federal Defendants' Motion to Dismiss (Docket No. 10); (2) Blue Cross's Motion for Judgment on the Pleadings and Joinder in Federal Defendants' Motion to Dismiss (Docket No. 27); (3) Plaintiff's Motion to Deny Request for Reassignment (Docket No. 23); (4) Plaintiff's Motion to Allow Reply to Blue Cross's Answer (Docket No. 30); (5) Federal Defendants' Motion for Protective Order (Docket No. 46); and (6) Non-Government Defendants' Motion for Protective Order (Docket No. 47). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the undersigned enters the following Report and Recommendation as to the first two dispositive motions, and Memorandum Decision and Order as to the remaining four motions:

## I. BACKGROUND

Plaintiff Bruce Norvell was enrolled in the Service Benefit Plan (the "Plan') – a nationwide health benefits plan created pursuant to Federal Employee Health Benefit Act ("FEHBA"), which authorizes Defendant U.S. Office of Personnel Management ("OPM") to enter into contracts with private entities ("carriers") to offer insurance plans to federal employees, retirees, and their dependents. *See* 5 U.S.C. § 8902(a); *see also* Compl., ¶¶ 6-8 (Docket No. 1). The Plan is one such plan and is created by a contract between OPM and Defendant Blue Cross and Blue Shield Association ("BCBSA"), the latter of which is the Plan's carrier and acts on behalf of local Blue Cross and Blue Shield companies such as Defendant Blue Cross of Idaho Health Service ("BCI") that, in turn, administer the Plan with respect to health care services rendered in their individual localities. *See* Compl., ¶¶ 7-8; *see also Norvell v. Office of Personnel Mgmt., et al.*, Case No. 1:14-cv-00421-BLW (D. Idaho) 9/23/15 Decision ("*Norvell I* Decision"), pp. 2-3 (Docket No. 126).

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 2**

Relevant here, Plaintiff's claims stem from a 2013 heart ablation surgery (a procedure covered by the Plan) and the resulting cost share that he was initially charged. Specifically, Plaintiff was dissatisfied with the approximately $3,800 cost share the Plan first told him he would owe in connection with that surgery. *See* Compl., ¶ 40-43; *see also Norvell I* Decision, p. 3; Norvell Decl., ¶ j, attached as Ex. 7 to Compl. (Docket No. 1, Att. 8). According to Plaintiff, the Plan's original determination was based, in part, on the treatment being incorrectly or ambiguously categorized as an "outpatient" procedure, instead of "inpatient" (with related expense allocations). *See generally id.* Plaintiff then challenged the amount of the cost share through the mandatory administrative appeal process, culminating with an administrative review by OPM. *See id.*; *see also* 5 C.F.R. § 890.105(a), (e). Ultimately, Plaintiff had his cost share reduced to $100. *See* Compl., ¶ 44; *see also Novell I* Decision, p. 3; Norvell Decl., ¶ j. But that did not end the matter; instead, Plaintiff brought an action in this Court – *Norvell I*.

In *Norvell I*, Plaintiff argued that a lack of lack of definitions in the FEHBA plans for the terms "inpatient" and "outpatient" violates two separate laws: (1) an FEHBA provision that requires FEHBA contracts to contain "a detailed statement of benefits" that includes "definitions of benefits as [OPM] considers necessary or desirable" (*see* 5 U.S.C. § 8902(d)); and (2) Public Health Service Act ("PHSA") § 2715, which requires the use of certain uniform definitions in summary documents describing health plans (*see* 42 U.S.C. § 300gg-15). *See Norvell I* Decision, p. 4. Relatedly, Plaintiff alleged that he was injured by the insufficient definitions in five distinct ways, including purportedly being "unable to compare various [FEHBA] policies because their statements of benefits contain ambiguous definitions." *See id.* at p. 6.

On September 23, 2015, Chief U.S. District Judge B. Lynn Winmill dismissed *Norvell I* for lack of subject matter jurisdiction (specifically, for lack of standing), holding, among other

things, that "the inability to compare various plans does not constitute an injury in fact" in part because that "so-called injury is neither concrete nor particularized." *Id*. at p. 7;[1] *see also id*. at p. 11 ("Having found that [Plaintiff] has failed to establish that he has suffered an injury in fact fairly traceable to the Defendants' conduct, which could be redressed by judicial intervention, the Court concludes that [Plaintiff] lacks standing. As such, this Court lacks jurisdiction to entertain [Plaintiff's] Complaint."). Plaintiff then appealed the dismissal, and the Ninth Circuit summarily affirmed Judge Winmill's dismissal of *Norvell I*. *See Norvell v. Office of Personnel Mgmt., et al.*, No. 15-35783, Order (9th Cir. Feb. 25, 2016).

Plaintiff then brought *this* action – *Norvell II* – claiming, again, that Defendants' failure to include and/or require definitions of the terms "inpatient" and "outpatient" in any of the 2016 FEHBA plans makes it impossible for him and other consumers to make informed decisions, to understand and compare health care coverages, and to determine benefits and co-payment responsibilities. *Compare generally Norvell I* Compl. (Docket No. 1), *with Norvell II* Compl. (Docket No. 1) (both discussing PHSA and FEHBA claims, failure to define terms "inpatient" and "outpatient," and alleged injuries). According to Plaintiff, "Judge Winmill did not understand the nature of injury that [Plaintiff] alleged in *Norvell I*" and, as a result, "[a] fresh

---

[1] In concluding that Plaintiff "failed to allege any discernible injury in fact resulting from the mischaracterization of his 2013 claim as outpatient care," Judge Winmill additionally concluded that: (1) his assertion that he was injured when he was overcharged thousands of dollars "ignores the fact that he was ultimately successful in getting his cost share obligation reduced to $100"; (2) "spending hundreds of hours wading through the administrative appeals process is not a judicially cognizable injury sufficient to confer standing"; (3) "the alleged harm that [Plaintiff] may experience in having to assist his grandchildren" is "purely hypothetical and not at all imminent" and "cannot constitute an injury in fact"; and (4) Plaintiff's "contention that he suffers a continuing injury because he remains vulnerable to a similar situation occurring in the future does not satisfy the injury in fact requirement" because it "epitomizes the type of conjectural harm for which standing is always denied." *Norvell I* Decision, pp. 6-8.

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 4**

look by another judge would best serve the just determination of this action." Pl.'s Mot. to Deny

Defs.' Request for Reassign., p. 2 (Docket No. 23, Att. 1).

All current Defendants now move to dismiss this action (*Norvell II*), arguing that, under the well-settled doctrines of standing, ripeness, sovereign immunity, res judicata, and/or collateral estoppel, this action should be dismissed. *See generally* Fed. Defs.' Mot. to Dismiss (Docket No. 10); Non-Gov't Defs.' Mot. for J. on the Pleadings and Joinder (Docket No. 27). Alternatively, these Defendants submit that this case must be dismissed for lack of standing for the same reasons articulated by Judge Winmill in *Norvell I*. *See id*.

## II. REPORT/DISCUSSION

Defendants contend that there is an identity of claims between *Norvell I* and this case, such that *Norvell I*'s handling of the jurisdictional issues – namely standing – precludes Plaintiff's efforts at now re-litigating those same claims here. The undersigned agrees.

It may be true that FRCP 41(b) provides that a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) [(dealing with effect of involuntary dismissal)] – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits."). However, this only means that "the dismissal permits a second action on the same claim *that corrects the deficiency found in the first action*"; that is, "[*t*]*he judgment remains effective to preclude relitigation of the precise issue of jurisdiction or venue that led to the initial dismissal*." Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4436, p. 149 (emphasis added) (citing *Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567, 571 (5th Cir. 1996) (dismissals for lack

of jurisdiction "are not considered adjudications on the merits and ordinarily do not, and should not preclude a party from later litigating the same claim, provided that the specific defect has been corrected. Such a dismissal should, however, preclude relitigation of the specific issue of jurisdiction . . . already resolved.")); *see also id*. at p. 154 ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the issues determined in ruling on the jurisdiction question.") (citing *Kasap v. Folger Nolan Fleming & Douglas, Inc.*, 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("[U]nder principles of issue preclusion, even a case dismissed *without* prejudice has preclusive effect on the jurisdictional issue litigated.") (emphasis in original)); *id*. at pp. 165-66 ("Dismissals for want of justiciability are controlled by the same principles as apply to want of subject-matter jurisdiction. The decision should preclude relitigation of the very issue of justiciability actually determined, but does not preclude a second action on the same claim if the justiciability problem can be overcome. This decision holds for dismissal based on a lack of standing . . . .") (citing *McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981) (dismissal for lack of standing forecloses relitigation of standing question, but does not foreclose second action in which justiciability barrier is overcome)).

In other words, Judge Winmill's dismissal for lack of standing (and, thus, jurisdiction) in *Norvell I* establishes issue preclusion as to the precise issue of standing/jurisdiction. At the same time, it does not establish claim preclusion *if* jurisdiction can be shown in a second action (for example, this action – *Norvell II*) on other grounds. Therefore, if Plaintiff has not cured the basis for his previous dismissal in *Norvell I*, that same basis applies here to likewise warrant the dismissal of Plaintiff's similar claims here, in *Norvell II*. This principle was recently articulated

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 6**

in *Myles v. Bank of America, Inc.*, 2017 WL 24865, *4 (N.D. Ca. 2017), with the district court reasoning in relevant part:

> Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings. Under California law, collateral estoppel bars litigation if: (1) the issue sought to be precluded is identical to that decided in a former proceeding, (2) the issue was actually litigated in the former proceeding, (3) the issue was necessarily decided in the former proceeding, (4) the decision in the former proceeding was final and on the merits, and (5) the party to be estopped was a party to the former proceeding or in privity with a party to the former proceeding.
>
> In *Myles II*, the state court dismissed the case with prejudice, finding that Plaintiff, as an individual borrower, lacked standing to sue for breach of the Consent Judgment. Defendant has satisfied the first four prongs of the requirements for collateral estoppel, as the issue of Plaintiff's standing to enforce the Consent Judgment is identical to the issue that was presented, was necessarily decided, and was actually litigated to a final judgment in *Myles II*. Finally, Plaintiff, the party to be estopped, was a party to the prior state action. *Plaintiff is therefore bound by the state court's judgment and cannot now re-litigate the issue of his standing to enforce the Consent Judgment.*

*Id*. (internal citations omitted) (emphasis added). Applying this same rationale, there is little difficulty in concluding that Plaintiff's second foray in this Court is procedurally barred.[2] *Norvell II* is nearly identical to *Norvell I* – the allegations are the same and, importantly, the alleged injuries are the same. And, the decision in *Norvell I* has already determined that these

---

[2] The parties' briefing discusses various doctrines for actually barring Plaintiff's instant claim – for example, res judicata and collateral estoppel. Inherent within these terms are elements of ambiguity, at least insofar as to the proper manner in which they may apply in this instance. Regardless of the appropriate term to be applied here, it is understood that, while only judgments on the merits precludes parties from litigating the same cause of action in a subsequent suit, that does not mean that dismissals for lack of jurisdiction have no preclusive effect at all. Indeed, as already stated, a dismissal for lack of jurisdiction precludes relitigation of the issue actually decided – namely, the jurisdictional issue. *See supra*; *see also Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("[A] judgment on the merits precludes relitigation of any ground within the compass of the suit, while a jurisdictional dismissal precludes only relitigation of the ground of that dismissal . . . and thus has collateral estoppel (issue preclusion) effect rather than the broader res judicata effect that nowadays goes by the name of claim preclusion.").

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 7**

allegations fail to establish an injury in fact sufficient to incur standing. In short, Plaintiff has not cured the jurisdictional defect; simply put, he includes no new facts that would prevent application of *Norvell I*'s holding that Plaintiff failed to establish an injury in fact for this latest claim. Thus, *Norvell I* now bars Plaintiff's claims in this action. *See, e.g.*, *Coll. Sports Council v. Dep't of Educ.*, 465 F.3d 20, 22 (D.C. Cir. 2006) (holding previous dismissal for lack of standing had preclusive effect where there were "no material differences" between the complaints in the first and second actions).[3] It is therefore recommended that (1) Federal Defendants' Motion to Dismiss (Docket No. 10) and (2) Blue Cross's Motion for Judgment on the Pleadings and Joinder in Federal Defendants' Motion to Dismiss (Docket No. 27) be granted.

If this recommendation is adopted, its dispositive impact on the action will moot, practically speaking, the remaining motions. With this in mind, (1) Plaintiff's Motion to Deny Request for Reassignment (Docket No. 23); (2) Plaintiff's Motion to Allow Reply to Blue Cross's Answer (Docket No. 30); (3) Federal Defendants' Motion for Protective Order (Docket No. 46); and (4) Non-Government Defendants' Motion for Protective Order (Docket No. 47) are therefore denied as moot.

### III.  RECOMMENDATION/ORDER

Based upon the foregoing, IT IS HEREBY RECOMMENDED that:

1. Federal Defendants' Motion to Dismiss (Docket No. 10) be GRANTED; and

---

[3] To be clear, this is not to say that Plaintiff cannot assert substantive claims in another action, so long as he is able to establish standing for bringing those claims before doing so. His work to date on a complicated issue that is unquestionably frustrating to him is admirable in its nature and his dedication to the cause. However, based upon the record now before the Court, Judge Winmill's decision in *Norvell I* applies with preclusive effect here. Even if it did not (by virtue of either res judicata or collateral estoppel), Plaintiff's claims should be subject to dismissal for the same substantive reasons noted in *Norvell I*.

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 8**

2. Blue Cross's Motion for Judgment on the Pleadings and Joinder in Federal Defendants' Motion to Dismiss (Docket No. 27) be GRANTED.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

Additionally, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Deny Request for Reassignment (Docket No. 23) is DENIED AS MOOT;

2. Plaintiff's Motion to Allow Reply to Blue Cross's Answer (Docket No. 30) is DENIED AS MOOT;

3. Federal Defendants' Motion for Protective Order (Docket No. 46) is DENIED AS MOOT; and

4. Non-Government Defendants' Motion for Protective Order (Docket No. 47) is DENIED AS MOOT.

DATED: **February 2, 2017**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION/MEMORANDUM DECISION AND ORDER - 9**