UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE NOVELL,<br><br>      Plaintiff,<br><br>      v.<br><br>BLUE CROSS AND BLUE SHIELD ASSOCIATION; BLUE CROSS OF IDAHO HELATH SERVICE, INC.; SPECIAL AGENTS MUTUAL BENEFIT ASSOCIATION; DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT; SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>      Defendants. | Case No. 1:16-CV-00195-EJL-REB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

On February 2, 2017, Chief United States Magistrate Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings be granted. (Dkt. 51.)[1] Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The

---

[1] The Magistrate Judge also issued an Order on several other motions. (Dkt. 52.)

**ORDER ON REPORT AND RECOMMENDATION- 1**

district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiff filed objections to the Report arguing it erred in its conclusions and findings. (Dkt. 53.) The Defendants responded to the objections and the matter is ripe for this Court's consideration. Fed. R. Civ. P. 72; Local Civ. R. 73.1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, Plaintiff filed objections and the Court has conducted a *de novo* review of those portions of the Report as well as the record in this matter. The Court has also reviewed the entire Report and record for clear error. The Court finds as follows.

**ORDER ON REPORT AND RECOMMENDATION- 2**

## DISCUSSION

The factual and procedural background of this case are correctly stated in the Report and this Court adopts the same. (Dkt. 51.) The dispute concerns the Plaintiff's claims seeking declaratory and injunctive relief against Defendants for their alleged violations of certain federal statutes relating to health insurance programs and plans; specifically, Defendants' failure to provide information, approval of unlawful plans, and otherwise failing to comply with the cited statutes. (Dkt. 1.) Defendants' Motions seek to dismiss this case based on standing, ripeness, sovereign immunity, *res judicata*, and/or collateral estoppel. The Report concludes the case should be dismissed because Plaintiff has failed to establish standing and because the action is procedurally barred as the allegations, claims, and injuries raised here are identical to those brought in a prior action where Plaintiff also failed to establish standing. (Dkt. 51.)

Plaintiff filed a response to the Report challenging its characterization of his claims. (Dkt. 53.) Plaintiff further argues he has established an injury in fact for standing purposes; i.e. the continued failure by Defendants to provide information to plan enrollees, in particular with regard to the definitions of "inpatient" and "outpatient" care and information needed in order for consumers to choose the best plan for their circumstances. (Dkt. 53.) Plaintiff also objects to the conclusion that the claims are barred by *res judicata*.

The Court has reviewed the Report *de novo* in light of the arguments made by the Plaintiff in his response and objections. The Court has also conducted a *de novo* review of the parties' briefing on the Motions and the entire record herein. Having done so, this Court

**ORDER ON REPORT AND RECOMMENDATION- 3**

agrees with the Report's discussion of the law, analysis, conclusions, and recommendation. The Court finds the Report correctly characterizes the facts, circumstances, allegations, and claims made in this case as well as those made in the prior case. Plaintiff has again failed to show an injury in fact in this case which leaves him without standing to bring this action. Moreover, Plaintiff is procedurally barred from relitigating the standing question. The Complaint in this case makes the same allegations and raises the same claims and injuries as in the prior case which was dismissed for lack of standing. For the reasons stated in the Report, which this Court adopts in its entirety, the Court finds the Defendants' Motion to Dismiss and Motion for a Judgment on the Pleadings should be granted. In reaching this conclusion, the Court is mindful of the fact that the Plaintiff is a *pro se* litigant. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on February 2, 2016 (Dkt. 51) is **ADOPTED IN ITS ENTIRETY** and the Defendants' Motions (Dkt. 10, 27) are **GRANTED** and the case is **DISMISSED**.

Dated: **March 02, 2017**

Honorable Edward J. Lodge
United States District Judge