UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE NORVELL,<br><br>    Plaintiff,<br><br>vs.<br><br>BLUE CROSS AND BLUE SHIELD ASSOCIATION, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00195-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR ORDER COMPELLING FEDERAL DEFENDANTS' DISCOVERY RESPONSE**<br>**(Docket No. 70)**<br><br>**FEDERAL DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br>**(Docket No. 76)**<br><br>**FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIFTH CLAIM FOR RELIEF**<br>**(Docket No. 85)**<br><br>**FEDERAL DEFENDANTS' MOTION TO STAY SUMMARY JUDGMENT BRIEFING ON THE FIFTH CLAIM AND ANY PROCEEDINGS ON THE OTHER CLAIMS**<br>**(Docket No. 87)**<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br>**(Docket No. 100)** |

Now pending before the Court are the following motions: (1) Plaintiff's Motion for Order Compelling Federal Defendants' Discovery Response (Docket No. 70); (2) Federal Defendants' Motion for Protective Order (Docket No. 76); (3) Federal Defendants' Motion to Dismiss Plaintiff's Fifth Claim for Relief (Docket No. 85); (4) Federal Defendants' Motion to Stay Summary Judgment Briefing on the Fifth Claim and Any Proceedings on the Other Claims

**MEMORANDUM DECISION AND ORDER - 1**

(Docket No. 87); and (5) Plaintiff's Motion for Leave to Amend Complaint (Docket No. 100). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff Bruce Norvell was enrolled in the Service Benefit Plan (the "Plan') – a nationwide health benefits plan created pursuant to Federal Employee Health Benefit Act ("FEHBA"), which authorizes Defendant U.S. Office of Personnel Management ("OPM") to enter into contracts with private entities ("carriers") to offer insurance plans to federal employees, retirees, and their dependents. *See* 5 U.S.C. § 8902(a); *see also* Compl., ¶¶ 6-8 (Docket No. 1). The Plan is one such plan and is created by a contract between OPM and Defendant Blue Cross and Blue Shield Association ("BCBSA"), the latter of which is the Plan's carrier and acts on behalf of local Blue Cross and Blue Shield companies such as Defendant Blue Cross of Idaho Health Service ("BCI") that, in turn, administer the Plan with respect to health care services rendered in their individual localities. *See* Compl., ¶¶ 7-8; *see also Norvell v. Office of Personnel Mgmt., et al.*, Case No. 1:14-cv-00421-BLW (D. Idaho) 9/23/15 Decision ("*Norvell I*" decision"), pp. 2-3 (Docket No. 126).

Relevant here, Plaintiff's claims stem from heart ablation surgery (a procedure covered by the Plan) and the resulting cost share that he was initially charged. Specifically, Plaintiff disagreed with the approximately $3,800 cost share the Plan first told him he would owe in connection with that surgery. *See* Compl., ¶ 40-43; *see also Norvell I* Decision, p. 3; Norvell Decl., ¶ j, attached as Ex. 7 to Compl. (Docket No. 1, Att. 8). According to Plaintiff, the Plan's

---

[1] This action has a lengthy factual and procedural backdrop, already recounted within this Court's previous orders. Hence, this decision borrows from such earlier orders to "set the stage" for the at-issue motions – in particular the February 2, 2017 decision found at Docket Nos. 51-52. *But see* Pl.'s Resp. to Rpt. & Recomm. (Docket No. 53).

**MEMORANDUM DECISION AND ORDER - 2**

original determination was based, in part, on the treatment being incorrectly or ambiguously categorized as an "outpatient" procedure, instead of "inpatient" (with related expense allocations). *See generally id*. Plaintiff then challenged the amount of the cost share through the mandatory administrative appeal process, culminating with an administrative review by OPM. *See id*.; *see also* 5 C.F.R. § 890.105(a), (e). Ultimately, Plaintiff had his cost share reduced to $100. *See* Compl., ¶ 44; *see also Novell I* Decision, p. 3; Norvell Decl., ¶ j. But that did not end the matter; instead, Plaintiff brought an action in this Court – *Norvell I*.

In *Norvell I*, Plaintiff argued that a lack of definitions in the FEHBA plans for the terms "inpatient" and "outpatient" violates two separate laws: (1) an FEHBA provision that requires FEHBA contracts to contain "a detailed statement of benefits" that includes "definitions of benefits as [OPM] considers necessary or desirable" (*see* 5 U.S.C. § 8902(d)); and (2) Public Health Service Act ("PHSA") § 2715, which requires the use of certain uniform definitions in summary documents describing health plans (*see* 42 U.S.C. § 300gg-15). *See Norvell I* Decision, p. 4. Relatedly, Plaintiff alleged that he was injured by the insufficient definitions in five distinct ways, including purportedly being "unable to compare various [FEHBA] policies because their statements of benefits contain ambiguous definitions." *See id*. at p. 6.

On September 23, 2015, Chief U.S. District Judge B. Lynn Winmill dismissed *Norvell I* for lack of subject matter jurisdiction (specifically, for lack of standing), holding, among other things, that "the inability to compare various plans does not constitute an injury in fact" in part because that "so-called injury is neither concrete nor particularized." *Id*. at p. 7;[2] *see also id*. at

---

[2] In concluding that Plaintiff "failed to allege any discernible injury in fact resulting from the mischaracterization of his 2013 claim as outpatient care," Judge Winmill additionally concluded that: (1) his assertion that he was injured when he was overcharged thousands of dollars "ignores the fact that he was ultimately successful in getting his cost share obligation reduced to $100"; (2) "spending hundreds of hours wading through the administrative appeals process is not a judicially cognizable injury sufficient to confer standing"; (3) "the alleged harm that [Plaintiff] may experience in having to assist his grandchildren" is "purely hypothetical and

**MEMORANDUM DECISION AND ORDER - 3**

p. 11 ("Having found that [Plaintiff] has failed to establish that he has suffered an injury in fact fairly traceable to the Defendants' conduct, which could be redressed by judicial intervention, the Court concludes that [Plaintiff] lacks standing. As such, this Court lacks jurisdiction to entertain [Plaintiff's] Complaint."). Plaintiff appealed the dismissal. The Ninth Circuit summarily affirmed Judge Winmill's decision to dismiss the case. *See Norvell v. Office of Personnel Mgmt., et al.*, No. 15-35783, Order (9th Cir. Feb. 25, 2016).

Plaintiff then filed this case – *Norvell II* – claiming, again, that Defendants' failure to include and/or require definitions of the terms "inpatient" and "outpatient" in any of the 2016 FEHBA plans makes it impossible for him and other consumers to make informed decisions, to understand and compare health care coverages, and to determine benefits and co-payment responsibilities. *Compare generally Norvell I* Compl. (Docket No. 1), *with Norvell II* Compl. (Docket No. 1) (both discussing PHSA and FEHBA claims, failure to define terms "inpatient" and "outpatient," and alleged injuries). According to Plaintiff, "Judge Winmill did not understand the nature of injury that [Plaintiff] alleged in *Norvell I*" and, as a result, "[a] fresh look by another judge would best serve the just determination of this action." Pl.'s Mot. to Deny Defs.' Request for Reassign., p. 2 (Docket No. 23, Att. 1).

In July/September 2016, all current Defendants moved to dismiss this action (*Norvell II*), arguing that, under the well-settled doctrines of standing, ripeness, sovereign immunity, res judicata, and/or collateral estoppel, this action should be dismissed. *See generally* Fed. Defs.' Mot. to Dismiss (Docket No. 10); Non-Gov't Defs.' Mot. for J. on the Pleadings and Joinder (Docket No. 27). Alternatively, these Defendants submitted that this case must be dismissed for

---

not at all imminent" and "cannot constitute an injury in fact"; and (4) Plaintiff's "contention that he suffers a continuing injury because he remains vulnerable to a similar situation occurring in the future does not satisfy the injury in fact requirement" because it "epitomizes the type of conjectural harm for which standing is always denied." *Norvell I* Decision, pp. 6-8.

**MEMORANDUM DECISION AND ORDER - 4**

lack of standing for the same reasons articulated by Judge Winmill in *Norvell I*. *See id*. On February 2, 2017, the Court dismissed *Norvell II*, finding that it was procedurally barred by *Norvell I*. *See* 2/2/17 Rpt. & Recomm./MDO, pp. 7-8 (Docket Nos. 51-52) ("*Norvell II* is nearly identical to *Norvell I* – the allegations are the same and, importantly, the alleged injuries are the same. And, the decision in *Norvell I* has already determined that these allegations fail to establish an injury in fact sufficient to incur standing. In short, Plaintiff has not cured the jurisdictional defect; simply put, he includes no new facts that would prevent application of *Novell I's* holding that Plaintiff failed to establish an injury in fact for this latest claim. Thus, *Norvell I* now bars Plaintiff's claims in this action."); *see also* 3/2/17 Order on Rpt. & Recomm. (Docket No. 56) (adopting February 2, 2017 Report and Recommendation in its entirety); 3/2/17 J. (Docket No. 57).

Plaintiff appealed that decision, and the Ninth Circuit vacated the Court's judgment and remanded the action for further proceedings, concluding in relevant part:

> The district court dismissed Norvell's action on the alternate grounds of lack of Article III standing and issue preclusion. However, Norvell alleged that he is unable to predict the medical care that would be covered and to project his copayments, and is therefore unable to understand and compare health benefits plans. *See* 5 U.S.C. § 8907(a)-(b) (setting forth information that the Office of Personnel Management shall make available to "enable the individual to exercise an informed choice among the types of [health benefits] plans."). In a case decided after the district court's ruling in this case, *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017), this court explained that in evaluating plaintiff's claim of harm, the district court must analyze "whether the statutory provisions at issue were established to protect [plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, . . . whether the specific procedural violations alleged . . . actually harm, or present a material risk of harm to, such interests."
>
> In light of this intervening authority, we vacate the judgment and remand for further proceedings. *See Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979) (noting exception to issue preclusion where "[t]he issue is one of law and . . . a new determination is warranted in order to take account of an intervening change in the applicable legal context" and noting that "[i]ssue preclusion has never been applied to issues of law with the same rigor as issues of fact.

10/30/17 Mem. (Docket No. 61).

**MEMORANDUM DECISION AND ORDER - 5**

After remand, the action has slowly progressed, with Plaintiff (re-)submitting discovery requests to Federal Defendants to help support his claims. *See, e.g.*, Pl.'s First Set of Disc. to Def. Dep't of Health and Human Servs. & OPM, attached as Exs. A & B to Fed. Defs.' Mot. for Prot. Order (Docket No. 46, Atts. 1-2).[3] He contends that the responses to those same discovery requests were insufficient, so Plaintiff now moves for an order compelling Federal Defendants to fully respond to the same. *See generally* Pl.'s Brief in Supp. of Mot. for Order Compelling Federal Defs.' Disc. Resp. ("MTC") (Docket No. 70, Att. 1). Federal Defendants oppose these efforts and, as before, move for a related protective order. *See generally* Federal Defs.' Mot. for PO.[4]

## DISCUSSION

Citing to Rule 26(b)(1), Plaintiff correctly states that he "may 'obtain discovery' from *every party* to this matter subject to conditions noted at . . . Rule . . . 26(b), which is 'relevant to

---

[3] Before the Court's February 2, 2017 dismissal, Plaintiff had served several requests for discovery upon Federal Defendants, with the latter moving for a protective order "because discovery was unnecessary into Mr. Norvell's Administrative Procedure Act (APA) claims which can be decided on the administrative record, and responding to discovery would be inefficient and unnecessary in light of Federal Defendants' pending motion to dismiss." Federal Defs.' Mot. for Prot. Order & Resp. to Motion for Order Compelling Federal Defs.' Disc. Resp. ("Mot. for PO"), p. 2 (Docket No. 75). Because Plaintiffs' claims were originally dismissed, Federal Defendants' then-pending Motion for Protective Order (Docket No. 46) was denied as moot. *See* 2/2/17 Rpt. & Recomm./MDO, p. 9. Following remand from the Ninth Circuit, Plaintiff seeks the same discovery that was the subject of Federal Defendants' previous Motion for Protective Order, as well as several discovery requests filed thereafter. *See* Federal Defs.' Mot. for PO, pp. 2 & 4 ("Mr. Novell now moves to compel Federal Defendants' response to discovery requests. Mr. Norvell does not specify what discovery he seeks, but Federal Defendants conclude that he means to refer to some or all of the eight discovery requests that he had served on Federal Defendants before this Court dismissed the action.") (citation omitted).

[4] There are also three other pending motions before the Court: (1) Federal Defendants' Motion to Dismiss Plaintiff's Fifth Claim for Relief (Docket No. 85); (2) Federal Defendants' Motion to Stay Summary Judgment Briefing on the Fifth Claim and Any Proceedings on the Other Claims (Docket No. 87); and (3) Plaintiff's Motion for Leave to Amend Complaint (Docket No. 100). Though substantively independent from Plaintiff's also-pending Motion to Compel and Federal Defendants' Motion for Protective Order, they are nonetheless related (at least tangentially) and therefore resolved here. *See infra*.

**MEMORANDUM DECISION AND ORDER - 6**

*any* party's claim . . .'" Pl.'s Brief in Supp. of MTC, p. 1 (quoting Fed. R. Civ. P. 26(b)(1)) (emphasis in original). While this is generally true, courts have broad discretionary power to control discovery, *including* the power to stay discovery pending the resolution of a potentially dispositive motion, including a motion to dismiss. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Flsmidth Spokane, Inc. v. Emerson*, 2014 WL 979187, *1 (D. Idaho 2014); *see also* Fed. R. Civ. P. 26(c)(A) & (B) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery; [and] . . . specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . ."). Here, for the reasons that follow, the Court finds that a discovery stay is warranted.

Preliminarily, once the pond is settled and the operative Complaint moves forward (Plaintiff (1) has already withdrawn what appears to be two earlier attempts at amending his Complaint (Docket Nos. 66, 79, 81, 97-99), and (2) now moves to amend his Complaint again (Docket No. 100) (*see infra*)), Federal Defendants intend to argue via a motion to dismiss that this Court lacks subject-matter jurisdiction over at least some of Plaintiff's claims. *See* Defs.' Mot. for PO, pp. 4-6. Though the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery simply because a potentially-dispositive motion is pending, where a dispositive motion raises issues of jurisdiction, venue, or immunity, courts within the Ninth Circuit often rule that staying discovery is appropriate pending resolution of these threshold issues. *See, e.g.*, *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) ("A district court may limit discovery 'for good cause' and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *Camacho v. United States*, 2014 WL 12026059, *5 (S.D. Cal. 2014) ("After an analysis of the harms presented by staying discovery

**MEMORANDUM DECISION AND ORDER - 7**

versus continuing discovery and a look at the likelihood of success of Defendants' motion to dismiss Plaintiff's claim for prospective equitable relief for lack of subject matter jurisdiction, the Court finds good cause exists at this time to grant the Government's motion to stay discovery under Rule 26."); *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, *1 (D. Nev. 2013) (granting stay based on alleged lack of personal jurisdiction); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction); *Holmes v. McMillan*, 2009 WL 10673424, *3 (D. Ariz. 2009) (granting motion to compel, reasoning in part: "Notably, Defendant never sought to stay discovery based on their intention to file, or the pendency of, their motion to dismiss based on a failure of subject matter jurisdiction."); 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2040 (3d ed. 2010) ("[A] court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved.").

If the result of Federal Defendants' forthcoming motion to dismiss is a decision from the Court that Plaintiff is unable to state a claim as a matter of law (independent of any factual disputes which discovery might resolve), there would be no need for discovery at all. If not dismissed, there remains the possibility that some portion of the motion would be granted (Plaintiff's proposed Amended Complaint is 98 pages long, with 135 claims for relief), which would refine and better define the contours of the lawsuit, which correspondingly would focus and refine what discovery would be permissible. Accordingly, the Court is persuaded that good cause exists to stay the pending discovery until Plaintiffs' allegations are tested at the threshold, jurisdictional, level.

There is not a current Case Management Order in place, owing, in part, to Plaintiff's successful appeal of the Court's 2017 dismissal of his claims, and the Court's heavy docket. In other words, there is currently no deadline for amending claims, joining parties, or completing

**MEMORANDUM DECISION AND ORDER - 8**

discovery that would be jeopardized in the event Federal Defendants' motion to dismiss is permitted to run its course. *See, e.g.*, *Stock v. C.I.R.*, 2000 WL 33138102, *2 (D. Idaho 2000) (granting discovery stay because "[t]he parties should first and foremost be focused on the two pending motions to dismiss. Obviously, if one or both of the motions were to be granted, then discovery in this case would become moot. On the other hand, if one or both of the motions were denied, *the delay in proceedings with discovery would be of little impact*.") (emphasis added). If all or some portion of Plaintiff's case remains after consideration of the Federal Defendants' motion to dismiss, the Court will immediately set those deadlines – including deadlines for amending the pleadings, joining parties, and, relevant here, discovery – that frame the action's progress toward trial. At that time, Plaintiff will be able to renew and re-focus his discovery efforts. *But see infra* (regarding interplay between APA-related claims and administrative record).

Finally, Plaintiff raises APA claims against Federal Defendants. Such claims are generally considered and decided on the administrative record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019, 1029-30 (9th Cir. 2005) (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court.") (internal citation omitted))); *see also* Fed. R. Civ. P. 26(a)(1)(B)(i) ("The following proceedings are exempt from initial disclosure: . . . an action for review on an administrative record.").[5] Yet, there is no administrative record on-file from which its adequacy

---

[5] "In limited circumstances, district courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Lands Council*, 305 F.3d at 1030 (quoting *Southwest Ctr. for Biological Diversity v. United States Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). But "[t]hese limited exceptions operate to identify and plug holes in

**MEMORANDUM DECISION AND ORDER - 9**

to resolve Plaintiff's claims can even be gleaned. Even so, Plaintiff acknowledges that "[he'll] likely need nothing *outside the respective administrative records* to establish the propriety of the court favorably ruling upon my claims against the Federal Defendants . . . ." Pl.'s Brief in Supp. of MTC, p. 3 (emphasis added).[6] Given this additional backdrop, the Court will stay discovery and, consistent with the general rule that judicial review of an agency decision focus on the administrative record, stay discovery and limit its review of the Federal Defendants' decision(s) to the administrative record. To the extent an exception to the general rule exists, it should be addressed after the administrative record has been filed and vetted.[7]

There is support in the law and common sense (judicial economy and conserving the resources of the parties) for a discovery stay. Therefore, Plaintiff's Motion for Order

---

the administrative record." *Lands Council*, 305 F.3d at 1030. At this time, there is no administrative record and, therefore, no basis for supplementation via extra-record evidence.

[6] Instead, Plaintiff argues that the discovery he seeks from Federal Defendants "will help in [his] difficult path to establishing the *Insurance Defendants*' 'willful failure' to provide mandated information." Pl.'s Brief in Supp. of MTC, p. 3 (emphasis added). According to Plaintiff, "[t]he fact that I seek information from the Federal Defendants, regarding my claims against the *Insurance Defendants* [(rather than his APA-related claims)] and which is not meant to buttress the administrative record, does not implicate the Federal Defendants' responsibility – as a party to this matter – to respond to my discovery." *Id*. (emphasis added). But, as Federal Defendants point out, Plaintiff "offers no explanation of how his discovery requests relate to his claims against the [Insurance Defendants]" and, instead, appear to "relate to his allegations of wrongful action by the Federal Defendants, rather than seeking information which would show if Insurers willfully failed to comply with regulations." Federal Defs.' Mot. for PO, pp. 7-8; *see also id*. at p. 8, n.2 (referencing various discovery requests to Federal Defendants and stating: Mr. Norvell's discovery requests of Federal Defendants address actions the *agencies* took and whether those actions were wrongful, not actions by the Insurers.") (emphasis in original); *see also* Pl.'s Reply in Supp. of MTC/Opp. to Mot. for PO, p. 8 (Docket No. 77) ("Many of my discovery items have much higher priority than others, and some may not be necessary.").

[7] Plaintiff's insistence that he has "established" Federal Defendants' bad faith via certain allegations within his initial Complaint is not persuasive. *See* Pl.'s Brief in Supp. of MTC, p. 2. Not only does this argument ignore the fact that there is no administrative record to help fully inform the issue, allegations of bad faith within a pleading – without more – cannot operate as an end-run around the understood "general rule" that courts reviewing an agency decision are limited to the administrative record.

**MEMORANDUM DECISION AND ORDER - 10**

Compelling Federal Defendants' Discovery Response (Docket No. 70) is denied, while Federal Defendants' Motion for Protective Order (Docket No. 76) is granted – so long as Plaintiff's proposed Amended Complaint proceeds forward, followed by Defendants' motions to dismiss; indeed, they are interdependent. Pursuant to Rule 15, unless amending "as a matter of course," "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants do not oppose Plaintiff's Motion for Leave to Amend Complaint. *See* Joint Status Rpt., p. 2 (Docket No. 102) (regarding Plaintiff's Motion for Leave to Amend Complaint: "The Parties agree that the motion is pending. Federal Defendants and the Non-Government Defendants do not oppose the granting of the motion. In the event that the Court grants this motion, Federal Defendants intend to file a renewed motion to dismiss, and the Non-Government Defendants intend to file a motion to dismiss."); *see also* 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1490 (3d ed. 2010) ("If consent is secured, the usual motion procedure need not be followed. The pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed."). Therefore, Plaintiff's Motion for Leave to Amend Complaint (Docket No. 100) is granted.

In this setting, Federal Defendants' remaining motions are moot. Because of the imminent filing of Plaintiff's Amended Complaint, the bases for Federal Defendants' (1) Motion to Dismiss Plaintiff's Fifth Claim for Relief, and (2) Motion to Stay Summary Judgment Briefing on the Fifth Claim and Any Proceedings on the Other Claims, no longer apply. *See, e.g.*, Joint Status Rpt., pp. 2-3 (regarding the two motions: "If the Court grants Plaintiff's recent motion to amend, [these] motions would be moot.").[8] Therefore, (1) Federal Defendants' Motion to

---

[8] As to Federal Defendants' Motion to Stay Summary Judgment Briefing on the Fifth Claim and Any Proceedings on the Other Claims, Federal Defendants add that, if Plaintiff's Motion for Leave to Amend Complaint is granted, they "intend to file a renewed motion to dismiss and would continue to believe that summary judgment briefing would be premature prior to the resolution of that motion to dismiss." Joint Status Rpt., pp. 2-3.

**MEMORANDUM DECISION AND ORDER - 11**

Dismiss Plaintiff's Fifth Claim for Relief (Docket No. 85), and (2) Federal Defendants' Motion to Stay Summary Judgment Briefing on the Fifth Claim and Any Proceedings on the Other Claims (Docket No. 87) are denied as moot.

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Order Compelling Federal Defendants' Discovery Response (Docket No. 70) is DENIED;

2. Federal Defendants' Motion for Protective Order (Docket No. 76) is GRANTED;

3. Federal Defendants' Motion to Dismiss Plaintiff's Fifth Claim for Relief (Docket No. 85) is DENIED as moot.

4. Federal Defendants' Motion to Stay Summary Judgment Briefing on the Fifth Claim and Any Proceedings on the Other Claims (Docket No. 87) is DENIED as moot.

5. Plaintiff's Motion for Leave to Amend Complaint (Docket No. 100) is GRANTED.

    a. Plaintiff shall separately file his Amended Complaint with the Court via CM/ECF. As to each claim for relief, Plaintiff shall specifically identify at the outset of the stated claim: (1) the particular claim for relief itself, and (2) against whom each claim for relief is asserted.

///
///
///
///
///
///
///

**MEMORANDUM DECISION AND ORDER - 12**

b. Defendants shall file any motion to dismiss within 28 days after the filing of Plaintiff's Amended Complaint. The response and reply briefing on and such motion to dismiss shall follow the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules.

DATED: September 10, 2018

_____
Ronald E. Bush
Chief U.S. Magistrate Judge