UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE NORVELL,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD ASSOCIATION; BLUE CROSS OF IDAHO HEALTH SERVICES INC.; SPECIAL AGENTS MUTUAL BENEFITS ASSOCIATION; DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT; OFFICE OF PERSONELL MANAGEMENT; SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES; DEPARTMENT OF HEALTH AND HUMAN SERVICES; CLAIMS ADMINISTRATION CORP.; CIGNA HEALTH AND LIFE INSURANCE COMPANY; CENTERS FOR MEDICARE AND MEDICAID SERVICES; and FIRST HEALTH LIFE AND HEALTH INSURANCE COMPANY,<br><br>    Defendants. | Case No. 1:16-cv-00195-BLW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On July 16, 2019, Chief United States Magistrate Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that Defendants' Motions to Dismiss be granted. (Dkt. 178.) Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen

days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id*.; *see also* Fed. R. Civ. P. 72(b).

Plaintiff filed objections to the Report arguing it erred in its conclusions and findings. (Dkt. 182.) Having reviewed the Plaintiff's objections, the Court finds the matter is ripe for its consideration. Fed. R. Civ. P. 72; Local Civ. R. 73.1.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id*. Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the

record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)). In this case, Plaintiff filed objections and the Court has conducted a de novo review of those portions of the Report as well as the record in this matter. The Court finds as follows.

## DISCUSSION

The factual and procedural background of this case are correctly stated in the Report and the Court adopts the same. (Dkt. 178.) The dispute concerns the Plaintiff's claims seeking declaratory and injunctive relief against Defendants for their alleged violations of certain federal statutes relating to health insurance programs and plans; specifically, Defendants' failure to provide information, approval of unlawful plans, and otherwise failing to comply with the cited statutes. (Dkt. 105.) Defendants' Motions seek to dismiss this case based on lack of standing, subject matter jurisdiction, agency discretion, lack of a private right of action, and lack of a statutory violation. The Report concludes that the case should be dismissed because Plaintiff has failed to establish standing. The Report further concludes that, even if the Plaintiff had standing, the Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. Specifically, the Report concludes that the relevant statutes do not confer a private right of action upon the Plaintiff as against the Non-Federal Defendants. Further, the

Report concludes that the Plaintiff's claims against the Federal Defendants are premised on decisions that are committed to agency discretion.

Plaintiff filed a response to the Report challenging its interpretation of the relevant statutes and understanding of some facts. (Dkt. 182.) Plaintiff further contests the Report's standing analysis. The Plaintiff argues that the continued failure by Defendants to define necessary terms, specifically "inpatient" care, and the Plaintiff's subsequent inability to choose the best plan, due to this lacking information, is a sufficiently concrete injury to confer standing. (Dkt. 182.)

The Court has reviewed the Report de novo in light of the arguments made by the Plaintiff in his response and objections. The Court has also conducted a de novo review of the parties' briefing on the Motions and the entire record herein. The Ninth Circuit vacated the previous dismissal of this action and remanded for consideration in light of its decision in *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017). (Dkt. 61) The Report carefully examined the standing analysis in *Robins*, 867 F.3d at 113. This Court agrees with the Report's analysis of *Robbins* in its entirety. The Court finds the Report correctly characterizes the facts, circumstances, allegations, and claims made in this case. The Plaintiff has failed to show an injury-in-fact in this case which leaves him without standing to bring this action. Moreover, the relevant statutes do not confer a private right of action upon the Plaintiff to bring his claims against the Non-Federal Defendants. The agency

decisions, upon which the Plaintiff's claims against the Federal Defendants are premised, are committed to agency discretion foreclosing judicial review. For the reasons stated in the Report, which this Court adopts in its entirety, the Court finds the Defendants' Motions to Dismiss should be granted. In reaching this conclusion, the Court is mindful of the fact that the Plaintiff is a pro se litigant. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on July 16, 2019 (Dkt. 178) is ADOPTED IN ITS ENTIRETY and the Defendants' Motions (Dkts. 116, 117, 121, 127) are GRANTED and the case is DISMISSED.

DATED: August 16, 2019

B. Lynn Winmill
U.S. District Court Judge